# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CONRAD SIMMONS, et al.,**                                                             **PLAINTIFFS**

**V.**                            **CAUSE NO. 3:17-CV-222-CWR-LRA**

**HOME DEPOT, et al.,**                                                                **DEFENDANTS**

## ORDER

Before the Court is Home Depot's Motion for Summary Judgment. After reviewing the parties' briefing, the Motion is denied.

## I. Factual and Procedural History

On July 5, 2015, Conrad Simmons was in search of a two-wheeled dolly when he slipped on a substance while walking down an aisle in the outside garden area at Home Depot. After the fall, Conrad experienced "extreme weakness and numbness in his lower extremities." Docket No. 57 at 2. On March 1, 2017, Conrad filed a lawsuit against Home Depot in Hinds County Circuit Court, which Home Depot removed to this Court pursuant to diversity jurisdiction. Conrad's complaint alleged that Home Depot and its employees were negligent in causing his fall and they should have warned him of the spill. His wife, Kaye, also alleged a loss of consortium.

Home Depot has now moved for summary judgment on the constructive knowledge and failure to warn claims. It alleges that Conrad cannot prove his premises liability claim because he has no evidence to prove that Home Depot had any actual or constructive knowledge of the spill. Additionally, Home Depot argues that it had no duty to warn customers of an open and obvious condition, like the spill in the aisle where Conrad slipped.

Plaintiffs respond that there is a material factual dispute in this case. They argue that a Home Depot employee's claim that the aisle was clear 15 minutes prior to Conrad's fall is

inaccurate, and as such, it is the role of the jury to weigh the validity of the employee's testimony. Further, Plaintiffs cite several cases to show that they have enough circumstantial evidence under Mississippi law to prove Home Depot had constructive knowledge of the spill that caused Conrad's fall.

**II.  Law**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). When considering a summary judgment motion, the court "must view all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013) (citations omitted).

The complaint alleges two causes of action: (1) Home Depot was "negligent in creating and failing to discern and remedy" the spill which caused the fall, and (2) Home Depot was "negligent in failing to warn Conrad Simmons of the dangerous condition." Docket No. 1-1 at 3.

Since this is an action in diversity, this Court interprets the underlying claims based upon state law. *See Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 593–94 (5th Cir. 2011). In Mississippi, for a plaintiff to recover against a property owner for a slip and fall, the plaintiff must prove that a dangerous condition existed and "some negligent act of the defendant cause [plaintiff's] injury"; or that the "defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff"; or "the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant." *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995);

2

*Walz v. HWCC-Tunica, Inc.*, 186 So. 3d 375, 377 (Miss. Ct. App. 2016). Plaintiffs allege that Home Depot had constructive knowledge of the dangerous condition. *See* Docket No. 51 at 10.

## III. Discussion

### A. Constructive Knowledge

Home Depot argues that Plaintiffs have no evidence that can impute constructive knowledge to it. It relies on Ingrid Schoenborn-Mercer's testimony, the employee working in the area during the fall. Schoenborn-Mercer did not see the spill or the fall, and when she walked the aisle 15 minutes prior to the spill, the aisle was clean. Thus, it argues, the spill could not have been present for long enough to impute constructive knowledge to Home Depot.

Under the summary judgment standard, after a moving party properly raises an issue for summary judgment, it becomes plaintiff's responsibility to show that there is a genuine issue for trial. *Wallace*, 80 F.3d at 1047 (citations omitted). Unsubstantiated assertions are not competent summary judgment evidence; parties must cite to particular parts of the record, such as depositions and other exhibits, to prove a genuine dispute of material facts. *Simmons v. Tucker*, No. 3:11-CV-440-CWR-LRA, 2014 WL 938840, at *2 (S.D. Miss. Mar. 11, 2014) (citations omitted).

Plaintiffs argue that Conrad's testimony contradicts Schoenborn-Mercer's timeline. To show the spill had been on the ground for an extended period of time, Plaintiffs point to the photos taken immediately after the spill, and the photo taken several days later, along with testimony from Conrad and Schoenborn-Mercer regarding the spill: (1) the spill was discolored around the edges because it was drying; (2) days after the spill the concrete was still stained from the spill; and (3) other shoppers had pushed carts through the spill prior to Conrad's fall, as evidenced by Conrad's lack of a cart but the presence of cart marks in the spill.

A similar dispute was recently considered by the Mississippi Court of Appeals. *See Evans v. Aydha*, 189 So. 3d 1225 (Miss. Ct. App. 2016). In *Evans*, a patron was pumping gas and slipped and fell on the pavement. *Id.* at 1227. The woman sued the owner of the gas station claiming that the spot of oil, which caused her fall, was the result of the owner's failure to maintain the station in a reasonably safe condition and he had constructive knowledge of the oil spill. *Id.* at 1228. In response to a motion for summary judgment, the plaintiff submitted an affidavit from her daughter. The daughter's affidavit claimed that when the daughter went to the gas station immediately after the accident to see where her mother fell, she saw a spot that was "mostly black, dirty, and it was obvious to [her] that the oily residue had been on the pavement for an extended period of time, at least several days." *Id.* at 1229.

The trial court granted summary judgment in favor of the owner, finding insufficient evidence regarding the spot for a claim of constructive knowledge. *Id.* at 1227. But, the Mississippi Court of Appeals reversed, holding that circumstantial evidence, like the daughter's affidavit, may be used to prove the length of time a dangerous condition has existed, so long as it "creates a legitimate inference that places it beyond conjecture." *Id.* at 1230 (quotations and citations omitted).

Reading the evidence presented in a light most favorable to Plaintiffs as the nonmoving party, a legitimate inference can be made that the spill was on the floor for long enough to establish constructive knowledge. Thus, summary judgment as to the constructive knowledge claim is denied.

B. **Failure to Warn**

In response to Plaintiffs' claim for failure to warn, Home Depot has invoked the affirmative defense of openness and obviousness. The spill was approximately five feet in width; Home Depot

4

argues the spill was open and obvious enough that Conrad should have avoided walking through it. Home Depot points to Conrad's deposition; Conrad admits that *if* he had looked down when he was walking, he would have seen the spill. Conrad also testified in his deposition, however, that he was walking along the aisle looking at the shelves and he did not see the spill until after he slipped and was on the ground. While the undisputed size of the spill suggests that it was open and obvious, Conrad's testimony suggests otherwise.

A property owner owes a duty to warn a business invitee of an unreasonably dangerous condition when the condition is not open and obvious. *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 281 (5th Cir. 2009). "Whether a danger is open and obvious is a question for the jury in all but the clearest cases." *Id.; see also Fulton v. Robinson Indus., Inc.*, 664 So. 2d 170, 175 (Miss. 1995) (citations omitted) ("If an invitee is injured by an artificial/man-made condition on an adjacent or internal part of the business premises, then there is a jury question as to the openness and obviousness of the danger."); *Chatham v. Logan's Roadhouse, Inc.*, No. 3:13-CV-1025-CWR-LRA, 2014 WL 3529807, at *2 (S.D. Miss. July 15, 2014) (finding a genuine dispute of material fact regarding the openness and obviousness of peanut shells on the floor of a restaurant when there was no direct testimony that plaintiff saw the shells at the exact time of her fall).

In accordance with the open and obvious doctrine in Mississippi, the openness and obviousness of the spill is a question for the jury. For this reason, the Court denies summary judgment on the failure to warn claim.

**IV.    Conclusion**

Home Depot's Motion for Summary Judgment [Docket No. 45] is DENIED.

**SO ORDERED**, this the 10th day of October, 2018.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE